UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KENNETH BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 16-3215 |
| JOHN BALDWIN, *et al.* | ) ) ) |
| Defendants. | ) |

## **MERIT REVIEW OPINION #2**

Plaintiff, proceeding pro se and presently incarcerated at Shawnee Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging constitutional violations at Taylorville Correctional Center and Shawnee Correctional Center. The matter comes before this Court for merit review of Plaintiff's amended complaint pursuant to 28 U.S.C. §1915A. In reviewing the amended complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

**ALLEGATIONS IN AMENDED COMPLAINT**

Plaintiff was incarcerated at Taylorville Correctional Center ("Taylorville"). Plaintiff alleges a chain of events that began on February 24, 2014, when Defendant Skinner, a correctional officer, stared at him in the law library for no apparent reason. Plaintiff alleges that Defendant Skinner then wrote him a disciplinary ticket for unauthorized movement (walking too fast) approximately six (6) weeks later. Plaintiff alleges that he received one month of yard denial as a result of the ticket, despite the Adjustment Committee's recommendation that he only receive a yard restriction for two weeks. Plaintiff alleges the Administrative Review Board in Springfield ignored his grievances related to this issue.

Plaintiff alleges that, on July 15, 2014, someone spilled ketchup on the white shoelaces of his new gym shoes. Plaintiff alleges that he removed the laces, washed them, and while he was waiting for them to dry, temporarily laced his shoes with black laces. Plaintiff alleges that Defendant Skinner told him to surrender his shoes upon observation of the black laces. Plaintiff refused. Plaintiff alleges he then packed his belongings and walked to segregation despite Defendant Berninger, a correctional

lieutenant, stating that he did not want Plaintiff going to segregation and that the situation was "not that serious."

Plaintiff alleges Defendant Berninger wrote a disciplinary report accusing him of disobeying the lieutenant's orders. According to Plaintiff, the disciplinary report failed to mention Defendant Skinner's name and implied that Plaintiff had issues with Defendant Berninger, which was not true. Plaintiff alleges that he received 15 days segregation, 1 month C-grade, and a disciplinary transfer to Shawnee Correctional Center ("Shawnee") as a result. Plaintiff alleges that Defendant Funk, the Illinois Department of Corrections' transfer coordinator, violated a state statute by transferring him to Shawnee while his grievance on the matter was pending.

Plaintiff alleges that once at Shawnee, he was housed in segregation-like conditions instead of being sent to general population. Plaintiff alleges that, for 21 days, he was not allowed to walk to meals or go to the gym or allowed out of his cell twice a day for dayroom. Plaintiff also alleges that the electrical outlets were inoperable and the cable outlet had been removed from the wall.

## ANALYSIS

The Eighth Amendment's proscription against cruel and unusual punishment encompasses two general categories: (1) punishment that is considered "cruel and unusual without regard to the conduct for which they are imposed;" and (2) those forms of punishment disproportionate to the offenses for which they are imposed. Pearson v. Ramos, 237 F.3d 881, 885 (7th Cir. 2001); Turley, 729 F.3d at 652. To state a claim under the Eighth Amendment, a prisoner must allege that (1) he suffered a sufficient deprivation such that he was deprived of the minimal civilized measure of life's necessities, and (2) that prison officials acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff alleges that the discipline he received on two separate occasions violated the Eighth Amendment.

Plaintiff alleges first that he was placed on yard restriction for one month despite a prison official's recommendation that the restriction should have only lasted two weeks. Plaintiff does not allege he should not have been found guilty, only that, the Court assumes, he should have only been placed on a yard restriction consistent with the prison official's alleged recommendation.

Plaintiff does not allege that he was deprived of the ability to exercise, or allege that he was forced to endure any other deprivation as a result. He alleges no injury. Therefore, the Court finds that Plaintiff has failed to state a claim and that any amendment would be futile.

Next, Plaintiff alleges that he was found guilty based upon a falsified disciplinary report. According to Plaintiff, the disciplinary report should have reflected his issues with Defendant Skinner instead of stating that he disobeyed Defendant Berninger's orders. Plaintiff's issues with Defendant Skinner notwithstanding, Plaintiff alleges that he walked himself to segregation despite Defendant Berninger's statements that he did not want Plaintiff going to segregation because the situation was "not that serious." The only reasonable inference from these allegations is that Plaintiff disobeyed Defendant Berninger's orders to resolve the situation without going to segregation.

The short duration of Plaintiff's stay in segregation while incarcerated at Taylorville, along with his allegations that he went to the segregation unit on his own volition to apparently dictate his housing situation, does not lend itself to a plausible inference that

the 15-day segregation sanction imposed violated the Eighth Amendment. While Plaintiff had to wait 10 days before he received a hearing, prison officials may temporarily place an inmate in segregation pending review of disciplinary violations. See Holly v. Woolfolk, 415 F.3d 678, 680 (7th Cir. 2005) (analogizing temporary segregation for an alleged violation of a disciplinary rule to an arrest without a warrant pending a probable cause hearing). Finally, violation of a state statute does not create a federal claim. Allison v. Snyder, 332 F.3d 1076, 1078 (7th Cir. 2003).

For the reasons stated above, the Court finds that Plaintiff fails to state a claim upon which relief can be granted and that any amendment would be futile.

### Shawnee Claims

Shawnee is located in Johnson County, Illinois, which is located within the Southern District of Illinois. 28 U.S.C. § 93(c). Plaintiff alleges discrete claims related to his conditions of confinement against officials that presumably reside within the Southern District. No plausible inference arises that any defendant residing within the Central District of Illinois caused the conditions of confinement of which Plaintiff complains.

Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Id. Therefore, the Court finds that venue is proper in the Southern District of Illinois. In the interests of justice, this case shall be transferred there. See 28 U.S.C. § 1404(a).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [8] is GRANTED. Clerk is directed to docket the amended complaint attached to Plaintiff's motion.**

2) **Plaintiff filed a Motion to Request Counsel [3]. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007), citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993). Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by**

**attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. Plaintiff's motion [3] is DENIED.**

**3) Plaintiff's complaint as it relates to his claims against officials at Taylorville Correctional Center is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. Clerk is directed to terminate Defendants Skinner, Berninger, and Hardway.**

**4) This case is transferred to the Southern District of Illinois to address Plaintiff's remaining claims. Any motions not addressed in this Order shall be addressed by the transferee court.**

ENTERED:     March 20, 2017.

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE